UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROBERT C. COURBOIN JR.,** | Civil Action No. 22-5332 (SDW) |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| **PASSAIC COUNTY NEW JERSEY SUPERIOR COURT, et al.,** | |
| Respondent. | |

**IT APPEARING THAT:**

1. Petitioner's pleading, originally filed in the United States District Court, Middle District of Florida, was construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254 and transferred to this Court by order of the Honorable Mary S. Scriven, United States District Court Judge. (ECF No. 9). Rule 4 of the Rules Governing Section 2254 Cases requires district courts to promptly review habeas petitions and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The relief sought by Petitioner in his amended pleading, which he filed as a civil complaint under 42 U.S.C. § 1983, is to overturn his felony conviction for terroristic threats in New Jersey Superior Court, Passaic County. (ECF No. 4 at 3).

2. Petitioner alleges that he was incarcerated in Passaic County Jail beginning in May 2017, for 110 days. (ECF No. 4 at 3). He had been charged with terroristic threats after signing a letter to a judge "Bob two glock Courboin," in his 2012 divorce proceedings in New Jersey. (*Id.*) Petitioner asserts that, as a first time offender charged with a third degree felony in New Jersey, his sentence should have been unsecured probation. (*Id.* at 5). Petitioner concludes that he was

1

denied bail solely for the purpose of extracting a guilty plea to get out of jail. (*Id.* at 6). Furthermore, as part of Petitioner's sentence, the sentencing judge required him to remove a YELP review based on victim contact. (*Id.* at 7). Petitioner submits the victim was the judge that he threatened, not the lawyer whom he reviewed on YELP. (*Id.*) Thus, he challenges this aspect of his sentence.

3. Petitioner brought his claim under 42 U.S.C. § 1983, but he seeks invalidation of his conviction for relief. "[W]here success in a § 1983 action would implicitly call into question the validity of conviction or duration of sentence the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence." *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (emphasis in original)). Even when habeas relief is no longer available, § 1983 is not available to invalidate a conviction or sentence. *Id.* (citing *Gilles v. Davis*, 427 F.3d 197, 210 (3d Cir. 2005)).

4. The Court takes judicial notice, under Federal Rule of Evidence 201(b), that a final judgment of conviction was entered against Petitioner in New Jersey Superior Court, Passaic County, on October 13, 2017.[1] "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." *DeFoy v. McCullough*, 393 F.3d 439, 441 (3d Cir. 2005). Therefore, this Court, on October 27, 2022, ordered Petitioner to show cause why his § 2254 habeas petition should not be dismissed as moot.

---

[1] Available at New Jersey Courts, Criminal Judgments Public Access
https://portal.njcourts.gov/webe41/jocpa_internet/jsp_public/tomodule.joc?prefix=/view&page=/search/validatePub.joc&method=searchJOCPub (last visited January 30, 2023).

5. Petitioner filed a timely response to the order to show cause. (ECF No. 13). He submits that he was illegally detained without bail, and this forced him to plead guilty to obtain his freedom. Therefore, he seeks to invalidate his conviction and proceed with his civil rights action.

6. "In *Heck*, the Supreme Court held that a prisoner lacks a 'cause of action' under § 1983 if the prisoner is challenging an 'allegedly unconstitutional conviction or imprisonment' before having the conviction or sentence overturned.'" *Garrett v. Murphy*, 17 F.4th 419, 425 (3d Cir. 2021) (quoting *Heck*, 512 U.S. at 486–87, 489)). "More precisely, the plaintiff seeking damages 'must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" *Id.* at 426 (quoting *Heck*, 512 U.S. at 486–87.))  "[A] § 1983 remedy is not available to a litigant to whom habeas relief is no longer available." *Williams*, 453 F.3d at 177).

7. When a petitioner "is attacking a sentence that has already been served, collateral consequences will not be presumed, but must be proven." *Burkey v. Marberry*, 556 F.3d 142, 148 (3d Cir. 2009) (citing *United States v. Cottman*, 142 F.3d 160, 165 (3d Cir. 1998)). "[T]he habeas jurisdictional provision requires that the petitioner be subject to a 'non-negligible restraint on physical liberty' that is a 'direct consequence of [the] conviction' being challenged." *Piasecki v. Ct. of Common Pleas, Bucks Cnty.*, PA, 917 F.3d 161, 166 (3d Cir. 2019)  (quoting *Stanbridge v. Scott*, 791 F.3d 715, 719 (7th Cir. 2015)). Petitioner has not met his burden to establish that he is subject to "non-negligible restraint on physical liberty."  Therefore, this Court will dismiss the petition as moot.

3

An appropriate Order follows.

**DATE:**        February 1 , **2023**

_____
Hon. Susan D. Wigenton,
United States District Judge

4